IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JERRY ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:06-cv-681-MEF |
| | ) | (WO) |
| CHAMPION ENTERPRISES, | ) | |
| INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This case was filed in the Circuit Court of Geneva County on June 19, 2006 and was removed to this Court on August 2, 2006. It is presently before the Court on Defendant Champion Enterprises, Inc.'s (hereinafter "Champion") Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment (Doc. # 5) filed on August 7, 2006. Champion alleges that Plaintiff has failed to state a claim upon which relief may be granted and that the Court lacks personal jurisdiction over Champion. In his response to the motion (Doc. # 7), Plaintiff states that because the case was so recently filed and removed, no discovery has been conducted, thus Plaintiff cannot adequately oppose the motion. Plaintiff requests that the Court either deny the motion or continue the hearing on summary judgment until proper and adequate discovery can be had.

Since Champion submitted an affidavit with its motion, pursuant to Federal Rule of Civil Procedure 12(b), the Court is required to construe the portion of the motion asserting

a Rule 12(b)(6) claim to be a motion for summary judgment.[1] Fed. R. Civ. P. 12(b). That is, Champion's claim that Plaintiff has failed to state a claim upon which relief can be granted will be considered a motion for summary judgment. On this basis the motion will therefore be denied as premature.

On the other hand, the Court need not treat Champion's personal jurisdiction claim as a motion for summary judgment because it is brought pursuant to Rule 12(b)(2), not Rule 12(b)(6).  *See Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 807 n.8 (11th Cir. 1993).  Thus, the Court will consider this claim a motion to dismiss for lack of personal jurisdiction.  As to this motion, the Court construes Plaintiff's response as a request for time to conduct discovery prior to responding to the motion.  Since a claim that the Court lacks personal jurisdiction requires the Court to make findings of fact, *see Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997), Plaintiff's request will be granted.

It is therefore ORDERED that:

1. Champion's motion for summary judgment is DENIED at this time as premature, with leave for Champion to refile at a later point in the case if it so chooses.

---

[1] Rule 12(b) provides, in relevant part:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . .

Fed. R. Civ. P. 12(b).

2. The order setting briefing deadlines (Doc. # 6) is VACATED.

3. Plaintiff's request for discovery is GRANTED. Plaintiff may conduct limited discovery only on the issue of personal jurisdiction until November 9, 2006.

4. Plaintiff shall respond to Champion's motion to dismiss on or before November 28, 2006.

5. Champion may file a reply to Plaintiff's response on or before December 4, 2006.

DONE this the 21st day of September, 2006.

                                              /s/ Mark E. Fuller
                                     CHIEF UNITED STATES DISTRICT JUDGE