IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JERRY ALLEN,            ) | |
| )                        | |
| Plaintiff,         ) | |
| v.                        ) | Case No. 1:06-cv-681-MEF |
| )                        | |
| CHAMPION ENTERPRISES,     ) | |
| INC., *et al.*,           ) | |
| )                        | |
| Defendants.       ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This case was filed in the Circuit Court of Geneva County on June 19, 2006 and was removed to this Court on August 2, 2006. On August 7, 2006, Defendant Champion Enterprises, Inc. (hereinafter "Champion") filed a Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment (Doc. # 5). The Court construed the portion of the motion asserting a Rule 12(b)(6) claim to be a Motion for Summary Judgment, and denied that motion as premature (Doc. # 11). It gave Plaintiff leave to conduct limited discovery only on the issue of personal jurisdiction and required Plaintiff to respond to the Motion to Dismiss by November 28, 2006.

On September 28, 2006, during discovery on personal jurisdiction, Plaintiff moved for a protective order governing the production and filing of purportedly confidential or sensitive discovery materials, which was unopposed by Defendants (Doc. # 12). On October 3, 2006, the Court granted the motion and entered a Protective Order (Doc. # 13), which provided that all documents produced in the course of the litigation would be presumed to

contain confidential information.

On November 28, 2006, Plaintiff filed a Motion for Leave to Seal (Doc. # 16).  He also filed a Response to the Motion to Dismiss, which was not docketed due to the pendency of the Motion for Leave to Seal.  The Motion for Leave to Seal requests that Plaintiff's Response to the Motion to Dismiss and the exhibits thereto be sealed.  It stated that those the exhibits "were either introduced during Champion Enterprises Inc.'s Corporate Representative's deposition, obtained from Champion Enterprises Inc.'s website, or documents produced by Plaintiff's expert, Edward W. Sauls."  *Id.*  On November 29, 2006, Plaintiff filed a Motion for Leave to Seal Plaintiff's Supplemental Response to Defendants' Motion to Dismiss (Doc. # 17) and a Motion for Leave to File Supplemental Response to Defendant's Motion to Dismiss (Doc. # 18).  The Motion for Leave to Seal Plaintiff's Supplemental Response relied upon the same grounds as the earlier Motion for Leave to Seal (Doc. # 16).

On December 4, 2006, Defendants filed what the Court construes as a motion to seal exhibits to its Reply to the Motion to Dismiss and Motion to Seal (Doc. # 20).  Defendants state that they request these exhibits be sealed pursuant to the Protective Order, but provide no further explanation.

A federal court's authority to seal or otherwise prevent public access to documents or proceedings is derived from Rule 26(c) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 26(c); *see also In re Estate of Martin Luther King, Jr., Inc., v. CBS, Inc.*, 184 F. Supp.

2d 1353, 1362 (N.D. Ga. 2002). In relevant part, Rule 26(c) provides:

> Protective Orders. Upon motion by a party or by the person from whom discovery is sought . . . for *good cause* shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> . . . .
> (6) that a deposition, after being sealed, be opened only by order of the court;
> (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way; and
> (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.

Fed. R. Civ. P. 26(c) (emphasis added). While parties often stipulate to a protective order designating particular documents as confidential, such a stipulation only "postpones the necessary showing of 'good cause' required for entry of a protective order until the confidential designation is challenged." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1307 (11th Cir. 2001) (citing *In re Alexander Grant & Co. Litig.,* 820 F.2d 352, 356 (11th Cir. 1987)).

Even when no third party challenges a motion to seal, however, the Court must still ensure that the motion is supported by good cause. *See Estate of Martin Luther King, Jr.*, 184 F. Supp. 2d at 1363. "The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it). He may not rubber stamp a stipulation to seal the record." *Citizens First Nat'l*

*Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) (internal citation omitted).

"Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). There is a limited First Amendment right of access to civil trial proceedings. *See Chicago Tribune*, 263 F.3d at 1310. In addition, the public has a common-law right to inspect and copy judicial records,[1] although the right is not absolute. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597-98 (1978). Absent a showing that the interests of non-disclosure outweigh the public's common law right of access, courts often deny even joint motions to seal in civil cases. *See, e.g., Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544 (7th Cir. 2002) (denying joint motion to maintain certain documents under seal); *Jaufre ex rel. Jaufre v. Taylor*, 351 F. Supp. 2d 514 (E.D. La. 2005) (denying joint motion to seal court record); *Stamp v. Overnite Transp. Co.*, No. Civ. A. 96-2320-GTV, 1998 WL 229538 (D. Kan. Apr. 10, 1998) (denying joint motion to seal court record).

Analysis of whether materials submitted in conjunction with the motions in this case are subject to either the common-law right of access or the First Amendment right of access requires the Court to assess whether the proponent of sealing the documents has satisfied the

---

[1] While discovery materials are not generally subject to the common-law right of access, discovery materials filed as part of a dispositive motion are "judicial records" subject to the common-law right of access. *See, e.g., Chicago Tribune*, 263 F.3d at 1312; *Estate of Martin Luther King, Jr.*, 184 F. Supp. 2d at 1365. Obviously, briefs filed in support of or in opposition to dispositive motions are also "judicial records" subject to the common-law right of access.

"good cause" showing required by Federal Rule of Civil Procedure 26(c). *See, e.g., Chicago Tribune*, 263 F.3d at 1310-15; *Estate of Martin Luther King, Jr.*, 184 F. Supp. 2d at 1365-67. This analysis requires the Court to (1) determine whether valid grounds for the issuance of a protective order have been presented; and (2) balance the public's interest in access against the litigant's interest in confidentiality. *Estate of Martin Luther King, Jr.*, 184 F. Supp. 2d at 1366. The parties have failed to present the Court with sufficient grounds for sealing the documents pursuant to Federal Rule of Civil Procedure 26(c). Therefore, in light of the foregoing authorities, it is hereby ORDERED that:

(1) Plaintiff show cause in writing on or before December 28, 2006, as to why Plaintiff's undocketed Response to Defendants' Motion to Dismiss and the exhibits attached thereto, and Plaintiff's Supplemental Response and any exhibits attached thereto, should be filed under seal. Plaintiff's submission in response to this Order should cite legal precedent and make specific arguments as to why that precedent supports his position with respect to filing the Response and attached exhibits under seal.

(2) Defendants show cause in writing on or before December 28, 2006, as to why the exhibits to their Reply (Doc. # 20) should be sealed. Defendants' submission in response to this Order should cite legal precedent and make specific arguments as to why that precedent supports their position with respect to filing the exhibits under seal.

It is further ORDERED that Plaintiff's Motion for Leave to File Supplemental Response (Doc. # 18) is GRANTED.

The Clerk of the Court is DIRECTED not to docket the Supplemental Response and any exhibits attached thereto until the Court rules on Plaintiff's Motion for Leave to Seal Supplemental Response (Doc. # 17).

DONE this the 19th day of December, 2006.

                            /s/ Mark E. Fuller
                            CHIEF UNITED STATES DISTRICT JUDGE